## In re Recanvassing Votes in Philadelphia

*Joseph A. Monaco* and *David P. Trulli*, for petitioner.

*Edward G. Bauer, Jr., City Solicitor* and *Harry Wolov, Assistant City Solicitor*, for County Board of Elections.

CARROLL, P. J., December 29, 1964.—This matter comes before the court on the petition of William J. Martin, a qualified elector in the City and County of Philadelphia. It relates to the general election held in Philadelphia on November 3, 1964, with particular reference to four loan questions which were on the ballot. Petitioner asks that this court impound the voting machines used in the election and order a recanvass of the vote on these four loan questions.

The computation of votes in this election was completed on November 20, 1964. A recanvass of the vote in 174 divisions of the city was held on November 27, 1964, and error was found in the returns from 161 divisions. As a result, the "Yes" vote plurality on Loan Question No. 4 was reduced by 3,972 votes, but this loan question still was approved by a substantial majority of the electorate.

There is some dispute over what prompted the recanvassing. Petitioner alleges it resulted from his advice to County Board of Elections on or before November

23, 1964, that error or fraud was committed in the canvassing of the votes on the four loan questions. The board, while admitting it received such advice, maintains it had noted error apparent on the face of the returns from 174 divisions, and on its own motion, prior to November 23, 1964, had announced there would be recanvassing. The reason given by the board for limiting the recanvass to 174 divisions was that it had not discovered any apparent error in the returns from the other divisions in the city.

On December 1, 1964, the vote was certified by the board and the certification was filed on December 3, 1964. On the latter date petitioner requested the board to recanvass the vote of the entire city on the loan questions. The board refused. As a result this petition was filed on December 4, 1964. The petition is based solely on the fact that the recanvassing of November 27, 1964, showed error in the returns for 161 divisions.

The Election Code of June 3, 1937, P. L. 1333, provides certain procedures for the recanvassing and unless one follows these prescribed procedures, his action is without legal warrant: Flood Appeal, 372 Pa. 486 (1953). Thus, we must determine if the petitioner has acted in accordance with the procedures for recanvassing, as set forth by the Election Code.

The Election Code provides two methods for recanvassing voting machines. Section 1702 of the code establishes one method: 25 PS §3262. The pertinent provisions in this section are as follows:

"(a) The court of common pleas, or a judge thereof, of the county in which any election district is located, shall make visible the registering counters of the voting machine or machines used in such election district at any primary or election, and without unlocking the machine against voting, shall recanvass the vote cast therein, if three qualified electors of the election district shall file a petition, duly verified by them, alleging

that, upon information which they consider reliable, they believe that fraud or error, although not manifest on the general return of votes made therefrom, was committed in the canvassing of the votes cast on such machine or machines. It shall not be necessary for the petitioners to specify in their petition the particular act of fraud or error they believe to have been committed, nor to offer evidence to substantiate the allegations of their petition.

" (a. 1) Every petition for the recanvassing of votes cast in the voting machine, or voting machines of an election district, under the provisions of this section, shall be filed in the office of the prothonotary of the proper county accompanied by a deposit of cash in the amount of fifty ($50) dollars, or by a bond signed by the petitioners as principals and by a corporate surety to be approved by the court in the amount of one hundred ($100) dollars, conditioned upon the payment to the county treasurer for the use of the county of the sum of fifty ($50) dollars, in the event that upon the recanvassing of the votes cast in a voting machine or voting machines, it does not appear that fraud or substantial error was committed in the canvassing of the votes cast on such machine or otherwise in connection with such voting machines.

" (c) Voting machines may be recanvassed under the provisions of this section at any time within twenty days after the date of the primary or election at which they were used. 1937, June 3, P. L. 1333, art. XVII, §1702; 1959, Dec. 17, P. L. 1891, §1."

The present petition does not conform to the above statutory requirements in several important aspects. Here, the petition is by one qualified elector, rather than by the required three. There is no indication that either the sum of $50 or a bond in the amount of $100 was filed with the prothonotary. Finally, the petition was filed on December 4, 1964, which is more than 30

days after the election and more than 10 days after the time required for filing. Thus, the petitioner cannot proceed under section 1702 of the act.

The other method to obtain recanvassing is found in section 1404(e)(1), 25 PS §3154(e)(1). It is there provided:

"(e)(1) Whenever it shall appear that there is a discrepancy in the returns of any election district, or, upon petition of three voters of any district, verified by affidavit, that an error, although not apparent on the face of the returns, has been committed therein, or of its own motion, the county board shall at any time prior to the completion of the computation of all of the returns for the county, summon the election officers of the district, and said officers, in the presence of said board, shall make a record of the number of the seal upon the voting machine, and the number on the protective counter or other device; shall make visible the registering counters of such machine, and, without unlocking the machine against voting, shall recanvass the vote cast thereon. . . ."

Once again the petitioner failed to comply with the requirements of the code. He did not present a petition of three voters to the board. Petitioner attempts to avoid this statutory requirement by arguing the board did not demand such a petition. This contention is clearly without merit since the requirement for such a petition arises from a statutory mandate, rather than from any action on the part of the board. Petitioner's failure to comply with this statutory mandate is fatal: Flood Appeal, supra.

Petitioner attempts to evade this result by contending the board's refusal to act constituted an appealable order under section 1407 of the Election Code: 25 PS §3157. This section provides:

"(a) Any person aggrieved by any order or decision of any county board regarding the computation or

canvassing of the returns of any primary or election, or regarding any recount or recanvass thereof under sections 1701, 1702 and 1703 of this act, may appeal therefrom within two days after such order or decision shall have been made, whether then reduced to writing or not, to the court of common pleas of the proper county, setting forth why he feels that an injustice has been done, and praying for such order as will give him relief. . ."

Of course, before the petitioner may invoke this section, he must show that he is a person "aggrieved" by an order of the board. An "aggrieved" person is one whose "legal rights are infringed by the order . . . and who will suffer injury therefrom . . . A 'person aggrieved' does not include one who may be aggrieved in his feelings because he believes that the action . . . is unjust": 9 Standard Pennsylvania Practice 107, 108, §126. Petitioner has not shown how the board's refusal to recanvass the vote will infringe on his legal rights, or that he will suffer any injury. The fact he may be unhappy at the result of the election is not a sufficiently substantial basis for him to be considered an "aggrieved" person.

Further, the board's refusal to have a recanvass does not constitute an appealable order, since the request to the board was not in conformance with the requirements of the Election Code. This is the clear holding of the Flood Appeal, supra. There, one voter, as here, appealed from the refusal of a County Board of Elections to recanvass the vote. The Supreme Court of Pennsylvania upheld the lower court's quashing the appeal for want of jurisdiction. After noting there was no statutory authority authorizing a recanvass by a Board of Elections on the instance of one person, the court stated, at page 489:

"Consequently, the Board's failure to proceed to a recanvass did not constitute a competent order appeal-

able to the court of common pleas under Section 1407 of the Election Code. . . ."

Thus, it is clear that the petitioner failed to proceed in accordance with the procedures prescribed by the Election Code with respect to a recanvass of the votes in the election held in Philadelphia on November 3, 1964.

Accordingly, on December 21, 1964, we dismissed the petition.